UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 21-CV-24264-COOKE

ORIENTAL REPUBLIC OF URUGUAY,

    Petitioner,

v.

ITALBA CORPORATION,

    Respondent.
_____/

**ORDER ON PETITIONER'S MOTION FOR SUSPENSION OF DEADLINES**

THIS CAUSE came before the court on Petitioner, Oriental Republic of Uruguay's ("Petitioner" or "Uruguay"), Motion for Suspension of Deadlines [ECF No. 16] (the "Motion"). This matter is before the undersigned pursuant to an Election of Jurisdiction by a United States Magistrate Judge for Trial, in which the parties jointly and voluntarily elected to have a United States Magistrate Judge conduct all proceedings in this case. [ECF No. 12-4].

THIS COURT has reviewed the Motion, the Response and Reply thereto [ECF Nos. 16, 17, 21], and the pertinent portions of the record and is otherwise fully advised in the premises.

In this action for confirmation and enforcement of a final arbitration award issued under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States ("ICSID Convention"), Petitioner seeks to suspend or stay all deadlines in the case pending the Court's ruling on its pending Motion for Judgment on the Pleadings on the

grounds the pending Motion is dispositive and, under applicable law, is a plenary proceeding that should not require discovery or other litigation procedures. [ECF No. 16]. Respondent responds that because Petitioner's Motion for Judgment on the Pleadings should be denied, so, too, should the Motion for Suspension of Deadlines. [ECF No. 17].

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). Although Petitioner's Motion here is intended to stay all proceedings and deadlines in the case, the Court finds cases considering motions to stay discovery instructive. Motions to stay "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652. "[A] motion to stay discovery ... is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone*, 2008 WL 2906719, at *2. Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2. "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray*, 2012 WL 5471793, at *1.

In the instant case, the Court finds that Petitioner has sufficiently demonstrated that a stay of proceedings is appropriate and warranted given the nature of the underlying

proceedings. As Petitioner points out, the Petition to enforce the arbitration award under the ICSID is a plenary proceeding and the pending motion seeks judgment as a matter of law, and thus disclosures and discovery should not be necessary to the determination of the Motion. *See Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 117 (2d Cir. 2017) ("After the complaint is filed and service effected, the [ICSID] award-creditor may file a motion for judgment on the pleadings…"); *see generally Micula v. Gov't of Romania*, 404 F. Supp. 3d 265, 285 (D.D.C. 2019), aff'd, 805 Fed. Appx. 1 (D.C. Cir. 2020). As such, requiring the parties to participate in discovery and other litigation activity presents an unnecessary burden. In the event the Motion for Judgment on the Pleadings is denied, the Court will enter an appropriate scheduling order tailored to the nature of the proceedings in this case at that time.

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Petitioner's Motion for Suspension of Deadlines is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that all discovery and all deadlines based on Court orders and applicable Rules are **STAYED** until further order of this Court.

**DONE AND ORDERED** in Chambers at Miami, Florida this 13th day of April, 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE