UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-CV-24264-DAMIAN

ORIENTAL REPUBLIC OF URUGUAY,

    Petitioner,

v.

ITALBA CORPORATION,

    Respondent.

_____/

**ORDER ON PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS**

THIS CAUSE came before the court on Petitioner, Oriental Republic of Uruguay's ("Petitioner" or "Uruguay"), Motion for Judgment on the Pleadings [ECF No. 15] (the "Motion"). This matter is before the undersigned pursuant to an Election of Jurisdiction by a United States Magistrate Judge for Trial, in which the parties jointly and voluntarily elected to have a United States Magistrate Judge conduct all proceedings in this case. [ECF No. 12-4].

THIS COURT has reviewed the Motion, the Response and Reply thereto [ECF Nos. 15, 18, 21], as well as additional documents submitted by the parties, the pertinent portions of the record, and all relevant authorities. The Court also heard from the parties, who appeared through counsel at a hearing on May 27, 2022, and is otherwise fully advised in the premises.

Uruguay seeks to enforce an arbitration award issued in its favor and against Respondent, Italba Corporation ("Respondent" or "Italba"), by a panel convened under the

authority of the International Convention on the Settlement of Investment Disputes between States and Nationals of Other States. Mar. 18, 1965, 17 U.S.T. 1270 (the "ICSID Convention"). In the Motion now before the Court, Uruguay asserts that, given the Court's limited role in such matters (discussed below) and the absence of material factual disputes, judgment on the pleadings is appropriate. [ECF No. 15]. Italba opposes the Motion and argues that there are factual disputes that preclude judgment on the pleadings. [ECF No. 18]. Specifically, Italba challenges the authenticity of the award submitted with the Petition and whether Uruguay is entitled to prejudgment interest (and at what rate) and costs.

For the reasons set forth herein, the Court finds that Uruguay's Motion for Judgment on the Pleadings [ECF No. 15] should be granted in part and denied in part as set forth below.

## I. STATUTORY BACKGROUND

Because disposition of Uruguay's Motion requires the Court to interpret the ICSID Convention and its enabling statute, 22 U.S.C. § 1650a, the Court begins with an overview of the relevant texts.

### A. The ICSID Convention

The ICSID Convention is a multilateral treaty aimed at encouraging and facilitating private foreign investment in developing countries. *See Mobil Cerro Negro, Ltd. V. Bolivarian Republic of Venezuela*, 863 F.3d 96, 100 (2d Cir. 2017) (citations omitted). To help allay concerns from private investors wary of investing in these countries due to risks of expropriation and other "government measures that might tend to impair the rights or assets of foreign investors[,]" the World Bank created the ICSID Convention which, in turn, established the International Center for Settlement of Investment Disputes ("ICSID") as a neutral dispute settlement forum to adjudicate disputes between international investors and

host governments in "Contracting States" – those countries whose governments adopted the Convention. *See id.* at 101.

The ICSID, which is based in Washington, DC, convenes arbitral tribunals in response to requests made by either a member state or a national of a member state. ICSID Convention arts. 36-37. At the conclusion of their proceedings, the tribunals issue written awards that address "every question submitted to the Tribunal," and "state the reasons upon which [the award] is based." *Id*. art. 48. The Convention further provides that a party dissatisfied with an award may challenge it on various grounds but may do so only through proceedings at the ICSID and not collaterally in the courts of member states: "The award shall be binding on the parties and ***shall not be subject to any appeal or to any other remedy except those provided for in this Convention***." ICSID Convention art. 53(1) (emphasis added).

The limited role played by the courts of member states is set out in Article 54 of the Convention, which provides:

> (1) Each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by the award within its territories as if it were a final judgment of a court in that State. A Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state.
> (2) A party seeking recognition or enforcement in the territories of a Contracting State shall furnish to a competent court or other authority which such State shall have designated for this purpose a copy of the award certified by the Secretary-General. Each Contracting State shall notify the Secretary-General of the designation of the competent court or other authority for this purpose and of any subsequent change in such designation.
> (3) Execution of the award shall be governed by the laws concerning the execution of judgments in force in the State in whose territories such execution is sought.

*Id*. art. 54. Thus, member states' courts agree to "recognize" ICSID awards "as binding" and to "enforce the pecuniary obligations imposed by the award...." *Id*.; *see also Mobil,* 863 F.3d at 101-102.

In member states with a federal constitution, like the United States, ICSID awards may be enforced in a federal court, and the Convention expressly allows such courts to "treat the award as if it were a final judgment of the courts of a constituent state." *Id*.

The Second Circuit described the limited role of the courts in enforcing ICSID awards:

> Member states' courts are thus not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award; under the Convention's terms, they may do no more than examine the judgment's authenticity and enforce the obligations imposed by the award. Thus, the Convention reflects an expectation that the courts of a member nation will treat the award as final.

*Mobil*, 863 F.3d at 102 (citing Christopher H. Schreuer, *et al.*, *The ICSID Convention: A Commentary* 1270 (2d ed. 2009) at 1139-41 (describing principle of finality of awards and reporting that principle was the subject of "extensive discussion").

### B.  The ICSID Enabling Statute: Title 22, United States Code, Section 1650a

The ICSID is not self-executing. Therefore, when the United States ratified the ICSID Convention in 1966, it adopted legislation to implement its provisions. 22 U.S.C. § 1650a. Section 1650a provides:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.

22 U.S.C. § 1650a(a). Under Section 1650a(b), "(t)he district courts of the United States . . . shall have exclusive jurisdiction over actions and proceedings under subsection (a) of this section, regardless of the amount in controversy." 22 U.S.C. 1650a(b). In *Mobil*, *supra*, the Second Circuit engaged in a thorough analysis of the ICSID and its enabling statute in the context of determining the type of proceeding that must be brought to enforce awards in

4

United States Courts.[1] The Second Circuit described the ICSID enforcement action as "plenary" or "summary" and ***not*** a proceeding "in which the court must entertain all manner of substantive defenses, or even defenses cognizable under the Federal Arbitration Act. *Id*. at 117. The Second Circuit further explained the nature of the litigation on actions to enforce ICSID awards as follows:

> Used in this context, the word "plenary" signals merely the need for commencing an action under Federal Rule of Civil Procedure 3, service of the complaint in compliance with Rule 4 [], and the opportunity for the defendant [] to appear and file responsive pleadings. To initiate such an action, an ICSID award-creditor may file a complaint in district court, detailing the terms of the award, establishing proper venue, and furnishing a certified copy of the award. After the complaint is filed and service effected, the award-creditor may file a motion for judgment on the pleadings, for instance, or a motion for summary judgment. The ICSID award-debtor would be a party to the action and would be able to challenge the United States court's jurisdiction to enforce the award – for instance, on venue grounds – but would not be permitted to make substantive challenges to the award.

*Id*. at 117-118.

At bottom, the Court's role in actions brought pursuant to Section 1650a to enforce ICSID awards is very limited. This Court will not examine the award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award. However, although the Court's role in enforcing an ICSID arbitral award is exceptionally limited, the Court is more than a "rubber stamp." *Id*. at 112; *see also Teco Guat. Holdings, LLC v. Republic of Guatemala*, 414 F. Supp. 3d 94, 101 (D.D.C. 2019) (citing *Micula v. Gov't of Rom.*, 104 F. Supp. 3d 42, 50-51 (D.D.C. 2015)). The Court must ensure that it has subject-matter and personal

---

[1] In the *Mobil* case, the Second Circuit addressed enforcement of an award entered against a foreign sovereign, as opposed to the instant case in which the award was entered against an individual and in favor of a foreign sovereign. After a thorough analysis of the ICSID and proceedings to enforce ICSID awards, the court held that actions to enforce such awards against a foreign sovereign, while governed by Section 1650a, are subject to the procedural requirements of the Foreign Sovereign Immunities Act regarding jurisdiction and venue. *Id*. at 116. That is not the case here.

jurisdiction, must ensure that the award is authentic, and must ensure that its enforcement order is consistent with the award. *Id.* (internal citations omitted).

Thus, the Court now considers each of these issues under the circumstances presented in the instant case.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Arbitration And Award.*

Petitioner, the Oriental Republic of Uruguay, brought this action on December 6, 2021, to confirm and enforce a final arbitration award issued on March 22, 2019 (the "Award") in its favor and against Respondent, Italba. [ECF No. 1 at ¶ 1]. The Award was rendered in *Italba Corporation v. Oriental Republic of Uruguay*, ICSID Case No. ARB/16/9 (the "Arbitration"), following an arbitration submitted by Italba to the ICSID under the Treaty Between the United States of America and the Oriental Republic of Uruguay Concerning the Encouragement and Reciprocal Protection of Investment (the "Treaty"). *Id.* at ¶ 2. In a lengthy, detailed written Award and decision, the Tribunal determined that it lacked jurisdiction to settle the dispute. *Id.* The Tribunal also addressed both parties' claims of entitlement to an award of the costs of the proceedings and to interest on any costs awarded. *Id.* at 81-83.

Ultimately, the Award ordered Italba to pay Uruguay "the entirety of the costs of this arbitration, including the fees and expenses of the Tribunal, ICSID's administrative fees and direct expenses, as well as Uruguay's legal and expert fees and expenses incurred in connection with this arbitration, assessed in the amount of USD 5,885,344.17." [ECF Nos. 1 at ¶ 3; 1-1 at Ex. A ¶ 300(d)]. As Uruguay was the respondent in the underlying arbitration proceeding and did not assert a counterclaim, the Award consists entirely of costs and is not

a claims-based damages award. The Award also addressed Uruguay's claim for interest on costs awarded to it and expressly denied that request. *Id.* ¶ 299.

Shortly after the Award was rendered, Italba submitted an Application for Annulment of the Award to the ICSID as provided in the ICSID's procedures for challenging awards (the "Annulment Application"). *See* Order of the Ad Hoc Committee Taking Note of the Discontinuance of the Proceeding (the "Ad Hoc Order") [ECF 1-1 at Ex. D ¶ 1]. The Secretary-General of the ICSID registered the Annulment Application and issued a Notice of Registration to the parties, which informed the parties that enforcement of the Award was provisionally stayed pursuant to Rule 54(2) of the ICSID Rules of Procedure for Arbitration Proceedings *Id.* at Ex. D ¶ 2. However, the annulment proceedings were later discontinued due to Italba's nonpayment of the cost advance, and the provisional stay was expressly terminated by the ICSID on June 16, 2020. *Id.* ¶¶ 4, 17-25.

### B. *Uruguay's Petition.*

Uruguay now comes before this Court alleging that Italba has not satisfied its obligations under the Award, namely payment of the judgment and related interest and expenses. Accordingly, Uruguay filed the Petition on December 6, 2021, asking this Court to confirm, recognize, and enforce the Award by ordering Italba to pay the Award's full value, plus prejudgment interest and post-judgment interest pursuant to 28 U.S.C. § 1961, as well as the costs of this proceeding. [ECF No. 1 at ¶ 5].

Per the requirements of the ICSID, Uruguay attached to the Petition certified copies of the Award and the Ad Hoc Order. [ECF 1-1 at Exs. A and D]. The inclusion of these documents as exhibits is noted in the Petition at footnote 1. [ECF. No. 1 at n.1]. Both

documents include cover pages confirming they are certified copies certified by the Acting Secretary-General of the ICSID. [ECF 1-1 at Exs. A and D].

### C. Italba's Answer To The Petition.

Italba filed an Answer to the Petition on January 10, 2022. [ECF. No. 10]. In its Answer, Italba admits the Award and that the Award is attached to the Petition: "Italba admits only that the Petition purports to state a claim to confirm and enforce the 'Award' (defined in and attached to the Petition as Exhibit 1-A)." *Id*. ¶ 1. Italba also admits the Order of the Ad Hoc Committee, pursuant to which its annulment proceedings were terminated and the Award became final: "Italba admits only that it submitted the Annulment Application, and the Order of the Ad Hoc Committee attached to the Petition as Exhibit 1-D speaks for itself." *Id*. ¶ 28. And, Italba admits that it has not paid the Award. *Id*. ¶ 5. Italba also admits that the Court has subject matter jurisdiction over the matters alleged, that this Court has personal jurisdiction over it, and that venue is proper. *Id*. ¶¶ 8-10.

In its Answer, Italba does not deny the Award or its authenticity nor this Court's jurisdiction to enforce it. Throughout the Answer, Italba repeatedly avers that the Award and applicable laws and treaties "speak for themselves." Other than general, non-specific denials throughout the Answer, Italba only specifically denies Uruguay's request for relief: "Italba denies the relief requested by Uruguay, including, specifically, but without limitation, its claim for prejudgment interest and costs." *Id*. ¶ 50.

Finally, in its Answer, Italba inserts allegations that its witnesses were prevented from testifying in the arbitration and that it was prevented from obtaining evidence needed for the arbitration. *Id*. ¶¶ 22-23. Italba does not assert any affirmative defenses or counterclaims.

Uruguay filed the Motion for Judgment on the Pleadings now before this Court on February 25, 2022. [ECF No. 15.] The Motion is fully briefed and ripe.

### D. *The Motion For Judgment On The Pleadings And The Response And Reply Thereto.*

In its Motion, Uruguay argues that it is entitled to judgment as a matter of law pursuant to Section 1650a(a) because the Award is final, Italba admits that it has not satisfied its obligations under the Award, and Italba does not deny the material facts in the Petition. [ECF No. 15]. Therefore, Uruguay urges the Court that entry of final judgment confirming and enforcing the Award is required. *Id*

In its Response to the Motion, Italba argues that Uruguay is not entitled to judgment on the pleadings because Italba did not admit all of Uruguay's factual allegations. [ECF No. 18 at 3]. Therefore, in Italba's view, material facts remain in dispute. *Id*. According to its Response, "[O]ther than admitting that this Court has jurisdiction over this action and that venue is proper, Italba's admissions are almost exclusively limited to admitting *only* that referenced documents and a referenced United States Code Section speak for themselves." *Id*. (emphasis supplied). Moreover, Italba argues that it has not admitted that the Award attached as an exhibit to the Petition is an "authentic and properly certified copy entitled to recordation and recognition by this Court." *Id*. at 3-4.

Thus, in its Response, Italba suggests that the certifications by the Acting Secretary General of the ICSID attached to the Petition may be improper. *Id*. However, Italba provided no authority in the Response indicating what about the certifications or the documents are not authentic or proper or what else is required to confirm authenticity. The Court notes that, although Italba states in its Response to the Motion that it did not admit the Award or its authenticity, it did not deny that they are authentic in its Answer.

Finally, Italba argues in the Response that judgment on the pleadings is precluded because Italba denied that Uruguay is entitled to prejudgment interest, post-judgment interest pursuant to 28 U.S.C. § 1961, and costs. *Id*. at 4-5.

In its Reply, Uruguay argues that Italba has not expressly denied nor even challenged the authenticity of the certified documents attached to the Petition in the Answer and that Italba's averments in the Answer stating, for example, that documents speak for themselves or that allegations are legal conclusions, are improper under the Federal Rules of Civil Procedure. [ECF No. 20 at 2]. Uruguay also points out that Italba's challenges to the relief requested by Uruguay are legal issues that do not preclude entry of judgment on the pleadings. *Id*. at 4.

### *E. Italba's Response To The Court's Order To Show Cause And The Parties' Stipulation.*

After review of the parties' memoranda regarding the Motion, this Court issued an Order to Show Cause to Italba regarding Italba's argument that the certified copy of the Award attached to the Petition is not authentic. [ECF No. 23]. Italba responded to the Order to Show Cause that the document attached to the Petition lacks the stamp of the ICSID seal typically affixed to such documents and other hallmarks of certification, raising a good faith question regarding whether Petitioner provided a properly authenticated copy of the Award as required by Article 54 of the Convention. [ECF No. 24]. Shortly thereafter, and two days before the hearing on the Motion, the parties filed a Stipulation indicating that Italba no longer disputes the authenticity of the Award attached to the Petition. [ECF No. 28]. The parties also stipulate that the Court may treat the Motion as a motion for summary judgment so that it may consider the documents submitted by Italba regarding the authenticity of the

Award attached to the Petition. *Id.* The Stipulation does not resolve the issue of entitlement to post-Award prejudgment interest and costs. *See id.* ¶ 4.

### F. The Hearing

On May 27, 2022, the parties appeared, through counsel, before the Court to present additional argument regarding the Motion. During the hearing, Italba confirmed that it has withdrawn its objections regarding the authenticity of the Award attached to the Petition. The parties also confirmed that there is no dispute regarding entitlement to post-judgment interest pursuant to Title 28, United States Code Section 1961(a), or regarding entitlement to an award of costs to the prevailing party pursuant to Federal Rule of Civil Procedure 54(d).

Thus, as the parties confirmed at the hearing, the only issue remaining for determination is whether Uruguay is entitled to post-Award/prejudgment interest on the Award and, if so, at what rate.

### III. LEGAL STANDARD GOVERNING MOTIONS FOR JUDGMENT ON THE PLEADINGS

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings and provides: "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) (alterations added). Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). When a plaintiff moves for judgment on the pleadings, the court must consider the defendant's answer and treat any factual allegations denied by the defendant as false. *See Beal v. Mo. Pac. R.R. Co.*, 312 U.S. 45, 51 (1941) (explaining that, when motion for judgment on the pleadings is made on plaintiff's behalf, the "denials and allegations of the answer which are well pleaded must be taken as true"); *see also Perez*, 774 F.3d at 1335 ("In

11

determining whether a party is entitled to judgment on the pleadings, [courts] accept as true all material facts alleged in the non-moving party's pleading, and [] view those facts in the light most favorable to the non-moving party.")

"Judgment on the pleadings is appropriate only when a party 'fails to offer any pertinent defense,' not when one defense out of many is challenged." *Pete Vicari Gen. Contractor LLC v. Ohio Cas. Ins. Co.*, No. 17-23733-CIV, 2018 WL 6308695, at *1 (S.D. Fla. Sept. 27, 2018) (quoting *Vann v. Inst. of Nuclear Power Operations, Inc.*, No. 1:09-cv-1169-CC-LTW, 2010 WL 11601718, at *2 (N.D. Ga. July 15, 2010)). Indeed, "federal courts are unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner." *Id*. (internal quotation marks omitted).

In rendering judgment, a court may consider the substance of the pleadings and any judicially noticed facts. *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010). "A court may consider documents attached to the complaint or incorporated by reference without converting the motion into a motion for summary judgment if the documents are: (1) central to the complaint, and (2) the documents' authenticity is not in dispute." *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014) (citing *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005)).

## IV. DISCUSSION

The Court now turns to Uruguay's Motion for Judgment on the Pleadings to enforce the Award at issue. In considering the Motion, the Court accepts the well-pled denials and allegations in the Answer as true and accepts the allegations in the Petition as true unless

denied by Italba in the Answer. And the Court views all facts alleged in the pleadings in the light most favorable to Italba, the non-moving party.

### A. The Court's Role Is Limited.

This Court agrees with the Second Circuit (and all others that have addressed the issue) that the action to enforce the ICSID Award is plenary and that judgment on the pleadings is an appropriate method for effectuating the goals of the Convention and the enabling statute. Therefore, this Court will not examine the Award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award. This Court's role in enforcing the ICSID Award is limited to ensuring that it has subject-matter and personal jurisdiction and venue, ensuring that the Award is authentic, and ensuring that its enforcement order is consistent with the Award.

### B. There Are No Issues That Preclude Entry Of Judgment On The Pleadings.

1. Jurisdiction And Venue Are Not At Issue.

Although jurisdiction and venue are typically the Court's first consideration in these matters, Italba has expressly admitted that there is subject matter jurisdiction, that the Court may exercise personal jurisdiction over it, and that venue is proper. [ECF No. 10 at ¶¶ 8-10].

2. The Court Will Not Consider Challenges Based On The Merits Of The Award Or The Arbitral Proceedings.

Although the Court views the allegations in the Answer as true for purposes of deciding the Motion, this Court will not consider Italba's allegations in the Answer regarding whether it was denied access to witnesses or documents and the like [ECF No. 10 at ¶¶ 22-23] because it is not within this Court's purview to assess the merits of the Award or the Arbitration. *See Mobil*, 863 F.3d at 102  The Court also notes that Italba did not raise any challenge to judgment on the pleadings based on those allegations in its Response to the

Motion and that the parties' Stipulation reflects that the parties agree that there are no longer issues in dispute, other than entitlement to interest, as discussed below.

> 3. <u>The Authenticity of The Award Is No Longer An Issue And Does Not Preclude Entry Of Judgment On The Pleadings</u>.

Article 54 of the ICSID Convention requires the award creditor, here Uruguay, to furnish to the Court a copy of the Award certified by the Secretary General of the Convention. Uruguay has complied with this requirement by attaching a certified copy of the Award to the Petition. [ECF No. 1-1-A]. The Award attached to the Petition includes an attached cover page that expressly certifies that the attached document is a true copy of the Award and is signed by the Acting Secretary-General of the ICSID. *Id.* This satisfies the requirements of the Convention. And, as discussed above, Italba has withdrawn its objections, raised in its Response to the Motion, regarding the authenticity of the Award.

The parties have stipulated that the Court may treat Uruguay's Motion for Judgment on the Pleadings as a motion for summary judgment in order to consider documents referenced by Italba upon which Italba decided to withdraw its objections regarding the authenticity of the Award. However, given Italba's withdrawal of its objections to the authenticity of the Award, there is no dispute to be determined, and the Court need not consider the extrinsic documents submitted by Italba. As noted above, Italba did not deny the authenticity of the Award attached to the Petition in its Answer. And, the Court may consider documents attached to a complaint without converting the motion to a motion for summary judgment. *See Eisenberg*, 54 F. Supp. 3d at 319. Therefore, the Court can and will determine the Motion as a motion for judgment on the pleadings and not as a motion for summary judgment.

14

    4.   <u>Entitlement To Interest And Costs Is A Legal Issue That Does Not Preclude Entry Of Judgment On The Pleadings.</u>

In its Response to the Motion, Italba also argued that judgment on the pleadings is precluded because Italba disputes Uruguay's entitlement to "pre-judgment interest, interest pursuant to 28 U.S.C. § 1961, and costs of this proceeding." [ECF No. 18 at 5]. Further, Italba argues that, even if Uruguay was entitled to prejudgment interest, there is no allegation or support for an appropriate interest rate or period of time for which interest would accrue. *Id*. Because Italba specifically denied Uruguay's entitlement to such relief in its Answer, Italba argues that Uruguay's allegations regarding said relief are not entitled to be taken as true when deciding a motion for judgment on the pleadings. *Id*.

When a defendant moves for judgment on the pleadings, it "admits the plaintiff's factual allegations and impels the district court to reach a legal conclusion based on those facts." *Dozier v. Pro. Found. for Health Care, Inc.*, 944 F.2d 814, 816 n.3 (11th Cir. 1991). Conversely, then, when a plaintiff moves for judgment on the pleadings, the court must consider the defendant's answer, and treat any factual allegations denied by the defendant as false. *See Beal*, 312 U.S. at 51. Uruguay's request for interest and costs, however, is not a factual allegation, but, instead, presents a question of law which the Court may decide without making factual findings. Thus, for purposes of Uruguay's Motion for Judgment on the Pleadings, this Court must disregard the parties' averments on interest and costs and resolve such legal issues itself. *See Carbone v. Cable News Network, Inc.* 910 F.3d 1345, 1350 (11th Cir. 2018) (legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) (court need not accept the non-moving party's legal conclusions as true, only its well-pleaded facts); *Nat'l Sur. Corp. of New York v. Ellison,* 88 F.2d

399, 403 (8th Cir. 1937) (denials in the answer regarding questions of law that present no factual issues does not preclude judgment on the pleadings).

Pursuant to the ICSID's enabling statute, courts shall give "the same full faith and credit" to an ICSID award "as if it were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a). Federal law provides for interest on "any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). And the applicable interest rate is also set by federal statute: "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.*

Thus, the Court finds that entitlement to post-judgment interest is not an issue that precludes judgment on the pleadings as it is purely a legal question determined by reference to federal statutes. Indeed, during the hearing, Italba's counsel agreed that post-judgment interest and the applicable rate are provided by statute and are not matters they now dispute.

Likewise, a prevailing party's entitlement to costs is also provided by federal law and is not a factual issue that need be determined by the Court such that the question of entitlement to costs does not preclude entry of judgment as a matter of law. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, [the Federal Rules of Civil Procedure] or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.").

The only issue, then, that requires this Court's determination is entitlement to prejudgment interest. While post-judgment interest in governed by statue, "awards of prejudgment interest are equitable remedies" awarded at the district court's discretion and

"should normally be awarded when damages have been liquidated by an international arbitral award." *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1446-47 (11th Cir. 1998). However, the issue of entitlement to prejudgment interest was already decided by the Tribunal, and it is not within this Court's purview to revisit matters decided by the Tribunal and set forth in the Award. *See Mobil*, 863 F.3d at 117-118. Here, the Award specifically states that Uruguay's request for interest on the costs Award (the only element of the Award) was denied. [ECF No. 1-1 at ¶ 299]. Therefore, because this Court will not revisit issues already decided by the Tribunal, the Court finds, as it is bound to do, that Uruguay is not entitled to post-Award/prejudgment interest. And, as such, the Court need not resolve the parties' dispute regarding the appropriate rate of such interest.

## V. CONCLUSION

For the reasons set forth above, the Court finds that judgment as a matter of law is appropriate under the circumstances presented here, where Uruguay seeks enforcement of an ICSID Arbitral Award, there are no issues regarding jurisdiction, venue, or the authenticity of the Award, and the pleadings present no factual disputes requiring resolution by reference to extrinsic evidence.

Accordingly, it is hereby

**ORDERED and ADJUDGED** that

1. Petitioner's Motion for Judgment on the Pleadings [ECF No. 15] is **GRANTED IN PART and DENIED IN PART**;

2. The pecuniary obligations in the Award in *Italba Corporation v. Oriental Republic of Uruguay*, ICSID Case No. ARB/16/9 in favor of Petitioner, Oriental Republic of Uruguay, and against Respondent, Italba Corporation, shall be **RECOGNIZED and ENTERED as a**

**JUDGMENT** by the Clerk of this Court in the same manner and with the same force and effect as if the Award were a final judgment of this Court, as authorized by 22 U.S.C. § 1650a and Article 54 of the ICSID Convention;

3. In accordance with the pecuniary obligations contained in the Award, Italba Corporation shall pay the Oriental Republic of Uruguay the amount of **$5,885,344.17** plus post-judgment interest, as provided in Title 28, United States Code, Section 1961, and costs as provided in Federal Rule of Civil Procedure 54(d)(1);

4. Petitioner's claim for prejudgment interest is **DENIED**; and

5. The Clerk of the Court is hereby directed to enter judgment in accordance with this Order, deny all pending motions as moot, and close this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this ___7th___ day of June, 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE